### BAER v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1903.)

No. 3,218.

1. CUSTOMS DUTIES—CLASSIFICATION—FLITTERS—BRONZE POWDER.

So-called flitters, which are produced by hammering metal clippings into minute flakes, and are used on wall paper, are not dutiable as bronze powder, under paragraph 175, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 165 [U. S. Comp. St. 1901, p. 1644], nor as a color or pigment, under paragraph 58 of said act, § 1, Schedule A, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1630], but as manufactures of metal, under paragraph 193 of said act, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

Application to Review a Decision of the Board of General Appraisers.

The decision in question was that in the case of In re Baer, G. A. 4,941, T. D. 23,112, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Baer Bros. Note Meier v. United States (C. C.) 128 Fed. 472. The opinion of the Board of General Appraisers reads as follows:

FISCHER, General Appraiser. The merchandise in question consists of so-called flitters. Duty was assessed thereon at the rate of 45 per cent. ad valorem, under the provisions of paragraph 193 of the act of July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]. It is claimed to be dutiable at the rate of 12 cents per pound under the provisions of paragraph 175, c. 11, § 1, Schedule C, 30 Stat. 165 [U. S. Comp. St. 1901, p. 1644],

as bronze powder, or at the rate, of 30 per cent. ad valorem, under provisions of paragraph 58, c. 11, § 1, Schedule A, 30 Stat. 154 [U. S. Comp. St. 1901, p. 1630], as a pigment or color.

The process of manufacture of the article is described by one of the importers' witnesses as follows: "After the metal has been smelted and is in sheet form, it is cut up into clippings; and after the metal, in the shape of clippings, is under the hammer for about an hour or so, we get flitters; and, if the clippings are kept under the hammer five or six hours longer, then we get bronze powder." Its manner of use is thus described by the same witness: "The principal uses of flitters are by wall paper manufacturers—window shade manufacturers. They would put on a size first, and afterward brush on the flitters. * * * The size is applied first, and afterward the flitter is brushed upon it in the following manner: The wall paper will pass under a certain box, and the box will contain the flitters, with a big brush, and the wall paper strikes the brush, and the flitters are dusted or brushed on." When asked if these flitters are ever mixed with oil or water before they are used, the witness answered that it was not feasible. He stated, also, that flitters were used in the dried condition only.

From this testimony it is clear that, while subsequent manufacture might convert the flitters into bronze powder, they are not bronze powder in the condition imported. It is also clear, from the testimony quoted, that the articles cannot be used as a pigment or color, but must be used in a manner similar to that of applying metal leaf.

We accordingly find (1) that flitters are not bronze powder; (2) that they are not a color, nor susceptible for use as a color.

The protests are overruled, and the decisions of the collector affirmed.

Howard T. Walden, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument, the court affirmed the decision of the board, without opinion.